ADAM C. BROWN  (SBN 161951)
HILL RIVKINS BROWN & ASSOCIATES
A Professional Law Corporation
adam@hillrivkinsbrown.com
11140 Fair Oaks Boulevard, Suite 100
Fair Oaks, California 95628
Telephone: (916) 535-0263
Fax: (916) 535-0268

*Attorneys for Plaintiff*
Federal Insurance Company

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

-----------------------------------------------

FEDERAL INSURANCE COMPANY as subrogee of JAANUU, INC.

Plaintiff,

v.

DECKWELL SKY (USA) INC. doing business as MONARCH CONTAINER LINE,

Defendant.

-----------------------------------------------

Docket No.:

**COMPLAINT FOR DAMAGES**

Plaintiff, Federal Insurance Company as subrogee of Jaanuu, Inc. ("Plaintiff") by and through its attorneys, Hill Rivkins LLP, as and for its complaint against

defendant Deckwell Sky (USA) Inc. d/b/a Monarch Container Line, alleges upon information and belief as follows:

## PARTIES & JURISDICTION

1. At and during all material times, Plaintiff, Federal Insurance Company ("FIC") was and is now a corporation organized and existing under the laws of the state of Indiana, and was the insurer of the shipments of cargo that are the subject of this action, and brings this action on its own behalf and on behalf of all others who may have an interest in these shipments of cargo, as those interests may ultimately appear.

2. At and during all material times, Plaintiff's subrogor, Jaanuu, Inc. ("Jaanuu") was and now is a corporation organized and exiting under the laws of the state of Delaware with an office and principal place of business in this district, and was the shipper, consignee, owner, and/or otherwise had an interest in the shipments of cargo that are the subject of this action.

3. At and during all material times, Defendant, Deckwell Sky (USA) Inc. doing business as Monarch Container Line ("Monarch") was and now is a corporation organized and existing under the laws of the state of California, with an office and principal place of business at 14343 E. Don Julian Road, City of Industry, California 91746.

4. Monarch did and still does operate as a common carrier of goods for hire and issues bills of lading for the carriage of goods aboard certain ocean going vessels, and issued bills of lading for the carriage of the shipments of cargo that are the subject of this action.

5. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this action arises under 46 U.S.C. §1300 *et seq.* Therefore, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §1333.

6. Venue is proper under 28 U.S.C. §1391 as Monarch resides or does business within the District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS AND CLAIMS

7. In May-June 2017, a shipment of 215 cartons of garments were tendered to Monarch in good order and condition and suitable in all respects for the intended transportation, and which Monarch received, accepted and agreed to transport by ocean carriage for certain consideration from Hochiminh, Vietnam to Los Angeles, California pursuant to bill of lading no. SGNLAX170545 ("Shipment 1").

8. In June 2017, a shipment of 183 cartons of garments were tendered to Monarch in good order and condition and suitable in all respects for the intended transportation, and which Monarch received, accepted and agreed to transport by ocean carriage for certain consideration from Hochiminh, Vietnam to Los Angeles, California pursuant to bill of lading no. SGNLAX170608 ("Shipment 2").

9. In July 2017, a shipment of 76 cartons of garments were tendered to Monarch in good order and condition and suitable in all respects for the intended transportation, and which Monarch received, accepted and agreed to transport by ocean carriage from for certain consideration Hochiminh, Vietnam to Los Angeles, California ("Shipment 3") pursuant to bill of lading no. SGNLAX170545.

10. Shipment 1, Shipment 2, and Shipment 3 are collectively referred to as the "Subject Shipments."

11. Defendants agreed to perform certain transportation related services with respect to the Subject Shipments, which include ocean and motor carriage from the place of acceptance to place of delivery, stuffing, devanning, loading, unloading, storage and other handling.

12. At the time of delivery to the consignee, each of the Subject Shipments were damaged, and displayed signs of wetting, i.e. dampness, mold growth, and odors.

13. By reason of the premises, Defendant Monarch failed to deliver the cargo in the same good order and condition to destinations as was received, was negligent and careless in its handling of the cargo, breached its statutory, common-law, and contractual duties and obligations as a common carrier of goods for hire, transportation intermediary, non-vessel operating common carrier, freight forwarder, warehouseman, and/or bailee of said cargo and was otherwise at fault.

14. Plaintiff and its subrogor has duly performed all of the duties, obligations, and conditions precedent to be performed on their part.

15. By reason of the premises, Plaintiff has sustained damages which are presently unknown but may be best estimated as $41,564.70 arising from Shipment 1, $47,596.06 arising from Shipment 2, and $18,278.58 arising from Shipment 3, no part of which has been paid.

**WHEREFORE,** Plaintiff, Federal Insurance Company prays:

    i. That process in due form of law according to the practice of this Court may issue against Defendant Deckwell Sky (USA) Inc. d/b/a Monarch Container Line;

    ii. That a judgment be entered in favor of Plaintiff and against against Defendant Deckwell Sky (USA) Inc. d/b/a Monarch

---

5
COMPLAINT FOR DAMAGES

    Container Line in the amount of its damages sustained on Shipment 1 according to proof at trial but not less than $41,564.70, together with interests and costs;

iii. That a judgment be entered in favor of Plaintiff and against against Defendant Deckwell Sky (USA) Inc. d/b/a Monarch Container Line in the amount of its damages sustained on Shipment 2 according to proof at trial but not less than $47,596.06, together with interests and costs;

iv. That a judgment be entered in favor of Plaintiff and against against Defendant Deckwell Sky (USA) Inc. d/b/a Monarch Container Line in the amount of its damages sustained on Shipment 3 according to proof at trial but not less than $18,278.58, together with interests and costs;

v. Plaintiff prays for such other, further and different relief as this Court may deem just and proper in the premises.

Dated:  Fair Oaks, California
     June 16, 2018

                HILL RIVKINS BROWN & ASSOCIATES
                *Attorneys for Plaintiff*

_____

6
COMPLAINT FOR DAMAGES

By: _____
       Adam C. Brown, Esq.